<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VIII</td></tr>
</table>

| ANTHONY LÓPEZ GUADALUPE<br><br>RECURRIDO<br><br>V.<br><br>ADRIANA RAMOS GIRÓN<br><br>PETICIONARIA | TA2026CE00495 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. LU2026RF00001<br><br><br>Sobre: Custodia-monoparental o compartida, Custodia-Relaciones Paterno Filiales |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de mayo de 2026.

## I.

El 22 de abril de 2026, la señora Adriana Ramos Girón (señora Ramos Girón o peticionaria) presentó un recurso de *Certiorari* en el que nos solicitó que revocáramos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario), el 12 de marzo de 2026, notificada y archivada digitalmente en autos el 13 de marzo de 2026.[1] El TPI hizo constar, por escrito, lo que resolvió durante la Vista sobre Estado de los Procedimientos celebrada el 10 de marzo de 2026. El foro primario refirió el caso ante la Unidad Social del Tribunal para un estudio social de patria potestad, custodia, custodia compartida y de relaciones filiales. Además, reiteró su determinación de No Ha Lugar con relación a una solicitud de orden presentada por la peticionaria para que el recurrido contestara la reconvención. Lo anterior, debido

---

[1] Véase entrada núm. 49 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

a que le concedió al recurrido un término de treinta (30) días para contratar abogado, por lo que pautó una vista de seguimiento para el 16 de junio de 2026.

El 23 de abril de 2026, emitimos una Resolución en la que le concedimos al señor Anthony López Guadalupe (señor López Guadalupe o recurrido) hasta el 4 de mayo de 2026 para exponer su posición sobre los méritos del recurso.[2]

Transcurrido el término concedido al recurrido para que expusiera su posición, sin que lo hiciera, damos por perfeccionado el recurso de *certiorari*. En adelante, pormenorizamos los hechos procesales más relevantes a la controversia.

**II.**

El caso de marras tuvo su génesis el 8 de enero de 2026, cuando el señor López Guadalupe presentó una demanda sobre custodia y relaciones filiales en contra de la señora Ramos Girón.[3] Alegó que las partes sostuvieron una relación consensual y procrearon a la menor K.G.L.P. El recurrido adujo que, desde la separación de ambos padres, la madre ha asumido el control absoluto de la vida y bienestar de la menor, tomando decisiones importantes sobre su salud, cuido, actividades extracurriculares y entorno social sin consultarle ni informarle. Asimismo, arguyó que la peticionaria mantiene total control sobre las relaciones paternofiliales, limitando el tiempo y calidad de la relación padre e hija. Ante esos hechos, suplicó al Tribunal que decrete la custodia compartida de la menor entre las partes.

Tras varios trámites procesales, innecesarios pormenorizar, el 6 de febrero de 2026, la señora Ramos Girón presentó una contestación a demanda y reconvención.[4] Arguyó que existe una

---

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Véase entrada núm. 1 en el SUMAC-TPI.
[4] Íd., entrada núm. 31.

orden de protección a su favor y en contra del recurrido, al amparo de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 601 *et seq.* (Ley 54), que se extiende a la menor K.G.L.P.

En resumen, alegó que el señor López Guadalupe es un riesgo para la seguridad y vida de la menor y de su madre. Mencionó que el recurrido hace uso de drogas y sustancias controladas ilícitas y que ha amenazado con suicidarse. Por lo que, sostuvo que todas las actuaciones de la peticionaria han sido en protección de su vida y de la de su hija. Por todo ello, argumentó que el recurrido no tiene capacidad alguna para ejercer la custodia ni la patria potestad sobre la menor, ni tomar decisiones relativas a su salud y bienestar. Por su parte, suplicó la adjudicación urgente de la custodia monoparental provisional de la menor a su favor. Mediante la reconvención, suplicó la privación de la patria potestad del recurrente sobre la menor.

Posteriormente, el 23 de febrero de 2026, la peticionaria presentó una *Moción solicitando se consideren admitidas las alegaciones a tono con la Regla 10.1 de las de Procedimiento Civil; Solicitud de anotación de rebeldía al demandante.*[5] Aludió a que, el recurrido no había contestado la reconvención ni solicitado prórroga para hacerlo, por lo que solicitó que se le anotara la rebeldía, considerando como admitidas sus alegaciones. Adujo que la reconvención contiene hechos concretos que aperciben al Tribunal de que existe una orden de protección a favor de la señora Ramos Girón y que se extiende a la menor. Señaló, además, que solicitó mediante la reconvención que se le suspenda al recurrido de la patria potestad y relaciones filiales por el uso de sustancias y

---

[5] Íd., entrada núm. 33.

problemas de salud mental e incurrir en conducta constitutiva de delito y que se le concediera a esta la custodia monoparental de la menor.

Ese mismo día, el TPI declaró No Ha Lugar la solicitud.[6] Oportunamente, la peticionaria presentó una reconsideración, pero el TPI se reiteró en su determinación y declaró No Ha Lugar.[7]

El 10 de marzo de 2026, el TPI celebró una Vista sobre Estado de los Procedimientos.[8] Según surge de la *Minuta,* tras conceder la oportunidad a las partes de argumentar sus respectivas contenciones, se resolvió No Ha Lugar la solicitud de la peticionaria para que se le anotara la rebeldía al recurrido por no presentar su alegación responsiva a la reconvención. En atención a los planteamientos procesales bajo las Reglas de Procedimiento Civil, 32 LPRA Ap. V, el Tribunal indicó que no tomaría determinación alguna, en ese momento, además, refirió el caso a la Unidad Social para un estudio sobre la custodia, patria potestad y relaciones filiales y pautó una vista de seguimiento para el 16 de junio de 2026. Además, declaró Ha Lugar la solicitud de renuncia de la representación legal del recurrido y le concedió un término de treinta (30) días para anunciar nueva representación legal o informar si se proponía a representarse por derecho propio.

El 12 de marzo de 2026, el TPI emitio una *Resolución* en la que plasmó por escrito las determinaciones tomadas durante la vista celebrada el 10 de marzo de 2026[9], y que surgen de la minuta. Estableció que remitió el caso a la Unidad Social para un estudio social de patria potestad, custodia, custodia compartida y relaciones filiales. Además, reiteró que declaró No Ha Lugar la solicitud de la peticionaria para que se ordenara al recurrido contestar la

---

[6] Íd., entrada núm. 34
[7] Íd., entradas núm. 35 y 36.
[8] Íd., entrada núm. 45, *Minuta de la vista celebrada el 10 de marzo de 2026.*
[9] Íd., entrada núm. 49.

reconvención debido a que le concedió a este último un término de treinta (30) días para contratar abogado.

El 23 de marzo de 2026, la peticionaria presentó una *Solicitud de Reconsideración*.[10] Solicitó al TPI que reconsiderara su determinación de eximir al recurrido de contestar la reconvención. Además, le suplicó que considerara como ciertos los hechos adjudicados en la orden de protección[11] y emitiera las medidas provisionales antes solicitadas. Siendo estas: la suspensión provisional de la patria potestad al padre y la custodia provisional a favor de la madre. Por lo que, requirió que se modificara el referido a la Unidad Social para que se descarte la evaluación de la custodia compartida y relaciones filiales.

Ese mismo día, el TPI emitio una *Resolución* en la que declaró No Ha Lugar la solicitud de reconsideración.[12]

Inconforme, la peticionaria radicó el recurso de *certiorari* de epígrafe, en el que formuló los siguientes señalamientos de error:

> Erró el TPI al eximir a la parte demandante de responder la reconvención presentada, y posteriormente desestimar la misma sumariamente sin que hubiese sido contestada, cuando los hechos graves que fundamentan la reconvención están incluidos en una orden de protección al amparo de la Ley 54 de Violencia Doméstica que es final, firme e inapelable.

> Erró el TPI al no considerar la legitimidad de una orden de protección expedida al amparo de la Ley 54 cuyos hechos probados establecen la peligrosidad del agresor, quien figura como el demandante en ese caso, y cuyo reclamo es obtener la custodia compartida sobre una menor de edad protegida como parte de esa orden de protección.

> Erró el TPI al hacer un referido para evaluar una custodia compartida o relaciones filiales, existiendo contra él una orden de protección a favor de la madre, que prohíbe relacionarse con la menor por lo que es contrario a la orden

---

[10] Íd., entrada núm. 51.
[11] FA2026MU00026.
[12] Íd., entrada núm. 52.

de protección por Ley 54, y a las disposiciones de la Ley 223 siendo ello una prohibición estatutaria que le impide al tribunal evaluar custodia compartida a favor de dicho agresor.

Erró el TPI al no suspender inmediatamente al demandante provisionalmente de la patria potestad por el uso de sustancias controladas, condiciones de salud mental de riesgo; intentos e ideas suicidas, y la totalidad de hechos graves que surgen de orden de protección vigente.

Alegó que, la actuación del TPI constituyó un abuso de discreción que vulneró los derechos de la peticionaria al debido proceso de ley. Adujo que la desestimación sumaria de la reconvención implica la exclusión de defensas y alegaciones esenciales sobre hechos relevantes e incontrovertidos que le impedirían al padre a ejercer la custodia. Además, sostuvo que, las actuaciones del recurrido, evidenciadas en la orden de protección, resultan incompatibles con la concesión de custodia compartida e impiden establecer relaciones filiales. Por ello, arguyó que resulta necesario concederle la custodia monoparental provisional a la recurrida, hasta tanto culmine el informe social.

### III.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una

solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[13]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371, 394 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***Citibank et al. v. ACBI et al.***, supra; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo

---

[13] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.,* supra. Cónsono con ello, es norma reiterada que "ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia". *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021).

**B**

La reconvención es uno de los mecanismos que una parte tiene disponible para solicitar la concesión de un remedio contra una parte adversa. Regla 5.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1. En nuestro ordenamiento jurídico se reconocen dos tipos de reconvenciones, a saber: las permisibles y las compulsorias. *S.L.G. Font Bardón v. Mini Warehouse*, 179 DPR 322, 332 (2010).

Las reconvenciones permisibles son aquellas reclamaciones que no surgen del acto, omisión o evento que motivó la interpelación de la parte. Regla 11.2 de Procedimiento Civil, *supra*, R. 11.2. Por el contrario, las reconvenciones compulsorias son aquellas reclamaciones que la parte debe formular en su alegación responsiva siempre que esta surja del acto, omisión o evento que originó la reclamación de la parte adversa y cuya adjudicación no requiera la presencia de terceros sobre quienes el tribunal no pueda

adquirir jurisdicción. Regla 11.1 de Procedimiento Civil, *supra,* R. 11.1. Respecto al alcance de la reconvención, la Regla 11.3 de Procedimiento Civil dispone que "[u]na reconvención puede disminuir o derrotar la reclamación de la parte adversa y también puede reclamar un remedio por cantidad mayor o de naturaleza diferente al solicitado en la alegación de la parte adversa".

**IV.**

En el presente caso, la peticionaria nos plantea que erró el TPI al desestimar de plano la reconvención, por eximir al recurrido de contestar la reconvención dado que, según alega, los hechos en que ésta se fundamenta están incluidos en una orden de protección a su favor. Asimismo, sostiene que erró el TPI al referir el caso a la Unidad Social ante la existencia de la referida orden de protección. Por último, arguye que erró el TPI al no suspender provisionalmente la patria potestad del recurrido por el alegado uso de sustancias controladas, condiciones de salud mental, intentos suicidas y hechos graves que surgen de la mencionada orden de protección. Alude a que los Artículos 604 y 605 del Código Civil, 31 LPRA secs. 7283 y 7284, y las disposiciones de la Ley Núm. 223-2011, 32 LPRA sec. 3181 *et. seq.*, excluyen, de facto, la posibilidad de una custodia compartida o de relaciones filiales en este caso. Ante ello, suplica que se elimine del referido evaluar la custodia compartida y relaciones filiales.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI. La determinación recurrida no arroja error alguno que amerite nuestra intervención, en esta etapa de los procedimientos.

Adviértase que, el TPI <u>no</u> <u>rechazó</u> sumariamente la reconvención, sino que, estableció claramente que no tomaría determinación alguna sobre las controversias principales del caso hasta tanto la Unidad Social emita su correspondiente informe social. A tenor con lo cual, **en esta etapa de los procedimientos**, la reconvención no ha sido desestimada, como alega la peticionaria.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del recurso de *Certiorari,* en esta etapa de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones